**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JEFFERY E. RAMSEY, JR.** **PETITIONER**

**v.** **CAUSE NO. 1:25CV357-LG-MTP**

**BURL CAIN, MDOC Commissioner, in his Individual and Official Capacity** **RESPONDENT**

**ORDER DENYING PETITIONER'S MOTION FOR FREE POSTAGE FOR LEGAL MAIL**

Petitioner Jeffery E. Ramsey, Jr., filed this lawsuit seeking relief pursuant to 28 U.S.C. § 2254. After the parties finished briefing a [28] Report and Recommendation proposing dismissal of this lawsuit with prejudice, Petitioner filed a [33] Motion for permission to send this Court legal mail with free postage. He has been transferred to the Pearl River County Jail, and he claims that the jail does not have a legal assistance program. He notes that he was granted permission to proceed in forma pauperis in this lawsuit, and he states that he cannot afford to buy a book of stamps. He has not submitted any testimony or evidence of his request. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Petitioner's Motion should be denied.

**DISCUSSION**

"[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citation modified). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* "[M]eaningful access to the courts is the touchstone, . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Moreover,

> [a] right to petition for redress of grievances does not imply a right to free writing paper and stamps. Federal courts are subsidized dispute-resolvers; filing fees defray only a small portion of the costs. A requirement that plaintiffs cover some of these costs cannot be called unconstitutional. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice.

*Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). As a result, "an indigent prisoner's right of access to the courts does not require provision of unlimited free postage for sending legal mail." *United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) (citation modified).

The Fifth Circuit has "recognized a right of access to the courts, which is founded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, and the Fifth and Fourteenth Amendment Due Process Clauses." *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (citation modified).

> Denial-of-access claims take one of two forms: forward-looking claims alleging that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time, and backward-looking claims alleging that an official action has caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.

*Id.* (citation modified).

Petitioner's Motion for Free Postage appears to be an attempt to assert a claim for denial of access to the courts and for injunctive relief, but this action is a petition for habeas corpus. "[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Since Petitioner cannot assert a denial of access to the courts claim or a claim for injunctive relief allowing free postage in this habeas proceeding, his Motion for free postage for legal mail must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Petitioner's [33] Motion for permission to send this Court legal mail with free postage is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of October, 2026.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge