**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **JEFFERY E. RAMSEY, JR.** | **PETITIONER** |
| **v.** | **CAUSE NO. 1:25CV357-LG-MTP** |
| **BURL CAIN, MDOC Commissioner, in his Individual and Official Capacity** | **RESPONDENT** |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTIONS TO STAY, AND DISMISSING HABEAS PETITIONS WITH PREJUDICE**

Petitioner Jeffery E. Ramsey, Jr., filed a [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. He later filed an [10] Amended Petition, a [16] Motion to Stay Habeas Petition in Abeyance, and a [23] Supplemental Motion to Stay and Hold Federal Habeas Proceedings in Abeyance. The Magistrate Judge recommends that the [16], [23] Motions to Stay should be denied, and that the [1], [10] Petitions should be dismissed. Petitioner filed an [29] Objection, and Respondent Burl Cain filed a [31] Response in Opposition to the Objection. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the [28] Report and Recommendation should be adopted as the opinion of the Court.

**BACKGROUND**

In January 2021, Petitioner pled guilty to felony driving under the influence as a habitual offender. The trial court sentenced Petitioner to ten years of

imprisonment. The Mississippi Court of Appeals dismissed the appeal of his conviction and sentence.

Next, Petitioner filed a motion for postconviction relief (PCR Motion) in the trial court, asserting the following claims: (1) his guilty plea was not entered into voluntarily, knowingly, and intelligently; (2) his conviction and sentence were derived from an illegal search and arrest; and (3) he was denied his right to effective assistance of counsel. The trial court denied the PCR Motion, and Petitioner appealed based on the following grounds: (1) Petitioner's guilty plea was not entered into voluntarily, knowingly, and intelligently and (2) Petitioner was denied his right to the effective assistance of trial counsel. The Mississippi Court of Appeals affirmed the trial court's denial of the PCR Motion. *Ramsey v. State*, 398 So. 3d 948, 954 (Miss. Ct. App. 2024). The Court of Appeals denied Petitioner's Motion for Rehearing, but it withdrew its original opinion and substituted it with a new opinion. *Ramsey v. State*, 424 So. 3d 330, 332 (Miss. Ct. App. 2025). The Mississippi Supreme Court denied his petition for a writ of certiorari as untimely. Petitioner filed a Motion for Permission to File an Out-of-time Writ of Certiorari, which was denied. He also filed another Motion for Rehearing with the Mississippi Court of Appeals, which was denied as successive. The trial court also denied a motion for modification of sentence and petition for an order to show cause that Petitioner had filed while the appeal of his PCR motion was pending.

Petitioner now seeks relief from this Court on the following grounds:

> Ground 1: Violation of due process (state and federal) of the merits. Illegal search and seizure. Judge David Sullivan signature on search warrant was forged and not a “live signature” law requires, due process requires;
>
> Ground 2: Violation of due process ineffective counsel. My lawyer did not do any investigation of my case. He consistently called my arguments legal theories and withdrew himself. Refused to withdraw the guilty plea as my case was deferred 6 month later as I advised him to do. Christopher Holt was referred to my case by Judge David Sullivan who uses Christopher Holt for conflict of interest cases. Christopher Holt advised myself that he was not going to discuss the “fraudulent signature of the warrant” because he (Christopher Holt) works for David Sullivan (Judge). Back dating of occurrence.
>
> Ground 3: Due process violation, ineffective assistance/involuntary plea/judicial misconduct by ADA Beth McFadyen (retaliation for lawsuit). If counsel would have thoroughly investigated my case the petitioner would have never plead by following counsel’s advice. Counsel allow ADA Beth McFadyen (conflict of interest) coerce and intimidate the petitioner for 1983 lawsuit. Ramsey’s counsel refused to advise the courts of the due process violations and abandoned Ramsey.
>
> Ground 4: Procedural-error/Plain error. The petitioner has never had any source of evidentiary hearing to bring forth the merits of this case. The petitioner has never had any hearing at all only sentencing.

Am. Petition [10] at 6–10 (errors in original). Almost one month after filing his Amended Petition, Petitioner filed his first [16] Motion to Stay because he wants additional time to exhaust his state court remedies. He also filed a [23] Supplemental Motion to Stay. The Magistrate Judge recommends that the Court deny the [16], [23] Motions to Stay and dismiss the [1], [10] Habeas Petitions with prejudice.

**DISCUSSION**

Because Petitioner filed an Objection to the Report and Recommendation, the Court “make[s] a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court "in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In other words, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *Id.* "A petitioner may overcome such a procedural default [lack of exhaustion], however, and obtain federal habeas corpus review of his barred claims on the merits, if he can demonstrate cause for the defaults and actual prejudice." *Morris v. Dretke*, 379 F.3d 199, 205 (5th Cir. 2004) (quoting *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001)). "Cause exists when some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *Prible v. Lumpkin*, 43

F.4th 501, 513 (5th Cir. 2022). "A factor is external to the defense if it cannot fairly be attributed to the prisoner." *Id.*

> Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally ineffective assistance of counsel is cause.

*Cuevas v. Collins*, 932 F.2d 1078, 1082 (5th Cir. 1991) (citation modified).

"A petitioner may also overcome a procedural default if he can show that failure to consider the claims will result in a fundamental miscarriage of justice." *Morris*, 379 F.3d at 205 (citation modified). "A petitioner makes such a showing where he establishes that he is actually innocent of the offense for which he was convicted." *Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014) (citation modified).

Here, Petitioner failed to timely seek certiorari on his involuntary plea and ineffective assistance of counsel claims, which he raised in his original PCR petition and appeal. He then filed additional motions, which the trial court dismissed as successive. As a result, Petitioner did not give the Mississippi Supreme Court a full and fair opportunity to review any of his claims.

Nevertheless, Ramsey objects to the Magistrate Judge's recommendation of dismissal of his claims. He first argues that "[t]he R&R does not perform a claim-by-claim exhaustion and default analysis." Obj. [29] at 3. Specifically, he claims that "the later successive motions were not the first appearance of every subject contained in Grounds One through Three. For Grounds Two and Three, the

asserted federal default occurred, if at all, when certiorari was not timely perfected—not simply because a later trial-court motion was successive." *Id.* at 4.

> Petitioner asks the District Judge to reject the R&R's collective treatment and determine separately: (a) what portion of each ground was raised in the original PCR motion; (b) what portion was presented on PCR appeal; (c) what portion was included in the certiorari petition; and (d) the precise procedural act producing any default.

*Id.* Contrary to Petitioner's assertions, the Magistrate Judge discussed the manner in which Petitioner raised each ground, and he identified the procedural default for each ground. *See* R&R [28] at 2–5, 8–9.

In his second objection, Petitioner asserts that "[t]he R&R should not dismiss the plea-related ineffective-assistance claims without separately construing and analyzing them under *Strickland* and *Hill*." *Id.* at 4 (citation modified). However, as explained previously, the Magistrate Judge correctly determined that Petitioner failed to exhaust his ineffective assistance claim. Therefore, it would be inappropriate for this Court to conduct an analysis of the merits under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). *See Christmas v. Hooper*, 118 F.4th 724, 733 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2783, 222 L. Ed. 2d 1079 (2025) ("Section 2254(b)(1) of AEDPA requires that a petitioner exhaust state court remedies before we review any federal habeas claims . . . to protect against the significant harm to the States that results from the failure of federal courts to respect state procedural rules.").

In his third objection, Petitioner argues that "[t]he R&R's cause analysis does not adequately account for the chronology and nature of the handwriting evidence"

he submitted in support of his claim that the judge's signature on the search warrant was forged. *Id.* at 5. Petitioner does not dispute that he had timely access to the warrant, but he asserts that "the expert report" was issued on July 13, 2023, after the trial court denied his October 2021 PCR Motion. *Id.* However, Petitioner has not argued that an external impediment prevented him from obtaining an expert report earlier. *See Prible*, 43 F.4th at 514 ("[F]ailure to raise a claim in an earlier habeas petition may not be excused for cause if the claim was reasonably available at the time of the first petition."). Therefore, Petitioner's third objection is not well taken.

Petitioner raised a fourth objection in which he argues that the Court should allow him "to establish cause concerning the untimely certiorari petition with specific evidence." *Id.* at 6. He claims:

> Petitioner did not receive the July 29, 2025[,] modified opinion until August 28, 2025. By then, the fourteen-day period under the Mississippi Rule of Appellate Procedure 17(b) had expired approximately 30 days earlier. Petitioner filed his certiorari petition on September 9, 2025—only twelve days after he actually received the modified opinion.

*Id.* at 6–7. He has submitted a declaration dated July 19, 2026, in support of this new argument. *See* Decl. [29-10]. Importantly, Petitioner did not claim he received late notice of the Mississippi Court of Appeals' decision when he filed his Petition for Writ of Certiorari or when he filed his Motion to File Out-of-Time Writ of Certiorari with the Mississippi Supreme Court. Previously, he only made vague references to "lack of notice rulings" in a March 30, 2026, Reply filed with this Court. Reply [18] at 1; Decl. [18] at 20. He does not explain why he waited so long

to provide this explanation for his failure to file a timely petition for a writ of certiorari. Furthermore, Respondent correctly notes that Petitioner's Declaration is contradicted by a "Confirmation of Receipt for Decision" that Petitioner signed on July 30, 2025, the day after the Mississippi Court of Appeals entered its Order. *See* State Court Record [20-4] at 77–78. Petitioner's untimely argument and declaration do not demonstrate that an external impediment caused his procedural default.

Petitioner asserts in his fifth objection that "[t]he R&R should consider whether the absence of counsel in the initial-review collateral proceeding affects the defaulted trial[/]ineffectiveness claim." Obj. [29] at 7 (citing *Martinez v. Ryan*, 566 U.S. 1, 9, 14, 17 (2012); *Trevino v. Thaler*, 569 U.S. 413, 423–29 (2013)). The cases Petitioner cites, *Martinez* and *Trevino*, allow

> a federal habeas court to find cause, thereby excusing a defendant's procedural default, where (1) the claim of ineffective assistance of trial counsel was a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim be raised in an initial-review collateral proceeding.

*Trevino*, 566 U.S. at 423 (citing *Martinez*, 566 U.S. at 13–14, 17–18). Petitioner explains, "This objection is . . . limited to trial-ineffectiveness allegations whose factual basis was not adequately developed in the initial-review PCR proceeding, rather than claims fully raised there but defaulted only at the later certiorari stage." Obj. [29] at 8. Petitioner has not identified which ineffective assistance of counsel claims were "not adequately developed" in his initial PCR motion. *See id.*

Therefore, the Court cannot evaluate whether any of these claims is a "substantial claim." *See Trevino*, 566 U.S. at 423.

Furthermore, as the trial court determined, Petitioner raised ineffective assistance claims in his initial PCR Motion and in his Motion for Modification of Sentence. The trial court denied those claims, noting that "Ramsey confirmed at his plea hearing that he was satisfied with his representation, as is evidenced in the plea transcript." State Ct. R. [20-8] at 203. Petitioner's fifth objection is overruled.

In his sixth objection, Petitioner asserts that "Ground Three should be construed to encompass the involuntary-plea and habitual offender issues litigated in the original PCR appeal." *Id.* at 8. The Magistrate Judge noted that ground three included a claim for involuntary plea. *See* R&R [28] at 6. He explained that Petitioner raised this claim in his original PCR motion and on appeal to the Mississippi Court of Appeals. *Id.* at 2. His Petition for Writ of Certiorari was untimely, so the Mississippi Supreme Court did not have an opportunity to rule on this issue. Thus, Petitioner's sixth objection does not provide a basis for finding that Petitioner exhausted this claim in state court.

Petitioner makes a seventh objection in which he claims that "[a] freestanding warrant claim may face *Stone* and plea-waiver limitations, but those doctrines do not dispose of every claim in the petition." Obj. [29] at 8 (citation modified).

> Petitioner recognizes that *Stone v. Powell* limits federal habeas relief on a Fourth Amendment exclusionary-rule claim when the State provided an opportunity for full and fair litigation. He also recognizes that a voluntary guilty plea ordinarily waives antecedent suppression

> issues. But *Stone* and plea waiver do not automatically resolve whether counsel's failure to investigate and advise concerning the warrant rendered the plea involuntary under *Hill* and *Tollett*.

*Id.* (citation modified) (citing S*tone v. Powell*, 428 U.S. 465 (1976)). It is unclear why Petitioner raises this objection because the Report & Recommendation does not cite *Stone v. Powell* or mention plea waiver. This objection is overruled.

Petitioner next objects on the basis that "[d]ismissal with prejudice is premature, and the Court should consider narrower alternatives." Obj. [29] at 9. He asserts, "Before imposing that result, the District Court should determine whether the deficiencies can be addressed through a more tailored procedure." *Id.* He argues that "*Rhines v. Weber* authorizes a stay in limited circumstances where there is good cause, a potentially meritorious unexhausted claim, and no intentionally dilatory litigation." *Id.* (citation modified) (citing 544 U.S. 269, 277–78 (2005)). He also "requests permission to abandon any plainly non[-]cognizable freestanding claim while preserving review of the properly construed plea-related Sixth Amendment claims." *Id.* at 10. The *Rhines* decision pertains to a "'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Rhines*, 544 U.S. at 271. This objection is overruled because Petitioner has not demonstrated that he exhausted any of his claims. The Magistrate Judge correctly determined that Petitioner's Motions to Stay should be denied.

Finally, Petitioner argues that "[t]he Court should not treat the absence of a

state evidentiary hearing as an independent federal claim[] but should consider it in determining whether factual development is required here." Obj. [29] at 10. He asked the Court to construe Ground Four in his Amended Petition "as a request for factual development of the underlying plea and ineffective-assistance claims, not merely as a freestanding challenge to state collateral procedure." *Id.* There is no need for additional factual development because Petitioner did not exhaust any of the claims he attempts to raise. In addition, the Court rejects Petitioner's request for "further development" concerning his new claim that he did not receive a copy of the Court of Appeals' decision in time to file a proper petition for a writ of certiorari. *Id.* He did not raise this claim in his Petition, Amended Petition, Petition for a Writ of Certiorari, or his Motion for Permission to File an Out-of-Time Petition for a Writ of Certiorari. As a result, the Court overrules Petitioner's ninth objection.

## CONCLUSION

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge, and it adopts his Report and Recommendation as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [28] Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's [16] Motion to Stay Habeas Petition in Abeyance and [23] Supplemental Motion to Stay and Hold Federal Habeas Proceedings in Abeyance Motions to Stay are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and [10] Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 13th day of October, 2026.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge